

**NUMBER 13-07-00496-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**ALFREDO SANCHEZ,**                                                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                **Appellee.**

---

**On appeal from the 214th District Court of Nueces County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Yañez, Garza, and Benavides**
**Memorandum Opinion Per Curiam**

Appellant, Alfredo Sanchez, attempted to perfect an appeal from a conviction for sexual assault.  We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the

merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The trial court imposed sentence in this matter on May 15, 2007. The notice of appeal was due on June 14, 2007. The record contains a pro se notice of appeal dated May 30, 2007, marked "received" by persons unknown on June 1, 2007, and file-marked by the district clerk on July 2, 2007.

This Court abated and remanded this matter to the trial court for a determination regarding the timeliness of appellant's notice of appeal. After remand, the trial court allowed appellant's former appointed counsel to withdraw and appointed new counsel for appellant for purposes of this appeal. This Court has now received a response filed by appellant's new counsel regarding the timeliness of appellant's notice of appeal. Counsel has stated that the appeal was not timely filed and that this defect cannot be cured.

Appellant's notice of appeal was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 10th day of April, 2008.